BLUE, Chief Judge.
Robert D. Taylor appeals the sentences imposed on numerous felony charges. We affirm on all issues presented. His issue concerning a possible double jeopardy violation requires the resolution of disputed, fact-specific allegations; this issue was not preserved for direct appeal. Mr. Taylor may properly raise this claim, as well as other matters discussed below, in a timely motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Watson v. State, 702 So.2d 584 (Fla. 2d DCA 1997) (holding that possible double jeopardy issue can be raised by motion for collateral review).
Although we affirm, the sentencing causes this court considerable concern. Mr. Taylor pleaded guilty to felony charges contained in eight informations. The charges included four counts of organized fraud, third-degree felonies; one count of grand theft, a second-degree felony; and nineteen counts of grand theft, third-degree felonies. The charges arose ■from Mr. Taylor’s outrageous conduct in operating a counseling service, which he falsely claimed to be qualified to operate. The charges of theft and fraud simply fail to reflect the extensive harm to youth and their families that Mr. Taylor caused.
At the plea hearing in October 1999, Mr. Taylor entered open pleas of guilty to the charges. The only dispositional agreement between Mr. Taylor and the State contained in the record was that Mr. Taylor would pay restitution. The guidelines scoresheet called for sentences between 32.1 and 53.5 months in state prison. At this hearing, an attorney appeared for some of the victims and expressed concern with the manner in which the State had filed the charges against Mr. Taylor.
The sentencing hearing was held on February 9, 2000. A different assistant state attorney appeared for the State and stated his intention to seek either habitual felony offender sentencing or an upward departure sentence of fifteen years. The trial judge then recited an agreement reached in an earlier off-the-record plea negotiation: If Mr. Taylor entered open pleas to the charges, the State would not seek habitual felony offender sentences. The judge further stated that he had not committed to a definite prison sentence, but if he deviated upward from the guidelines and exceeded ten years in prison, then he would give Mr. Taylor an opportunity to withdraw his pleas. Mr. Taylor confirmed this plea agreement but added his belief that two additional conditions were part of the original off-the-record agreement. The trial judge rejected Mr. Taylor’s representation of the additional conditions, one of which was a five-year cap. It is significant to note at this point that neither the assistant state attorney present nor the current defense attorney had participated in the off-the-record discussion.
The judge then advised Mr. Taylor:
If I exceed the guidelines, and if it is my intentions to sentence you in excess of ten years in the Florida State Prison, at that point in time, sir, you will have the right to withdraw your plea. [The prosecutor] indicated under no uncertain terms that if you did withdraw that plea, at that point there would be no negotiations whatsoever. The State of Florida would then have the ability to notice you as a habitual felony offender, to seek a sentence as a habitual felony offender and also to file whatever additional charges or amend the charges that you are presently facing as they see fit. Is that your understanding when you entered the plea, sir?
Mr. Taylor responded that it was not and requested the opportunity to see what the judge was going to do prior to deciding whether to withdraw his guilty pleas.
*164 The trial judge then heard from numerous witnesses victimized by Mr. Taylor’s unqualified and apparently harmful “counseling.” The attorney who represented a number of Mr. Taylor’s victims in some type of civil damage claim was the primary proponent for a severe sentence. This attorney painted a damaging picture of Mr. Taylor and his conduct, albeit entirely through unsworn and hearsay testimony. The assistant state attorney argued for a departure sentence of fifteen years.
Prior to imposing sentence, the trial judge told Mr. Taylor that he intended to impose a sentence of more than ten years as an upward departure from the guidelines. Mr. Taylor was given an opportunity to withdraw his guilty pleas. When Mr. Taylor’s counsel requested clarification, the trial judge refused to reveal the specifies of the intended sentence. Because restitution had been an important factor of the earlier negotiations, defense counsel attempted to discern if the judge intended to suspend part of the sentences and impose restitution. The judge refused to explain his plan. Defense counsel stated that he was unable to advise Mr. Taylor and that Mr. Taylor would have to make the decision on his own. Mr. Taylor and the judge discussed the matter, and when the judge stated that Mr. Taylor would spend more than ten years in prison, Mr. Taylor requested to withdraw his pleas.
Whereupon, the State immediately filed its notice of habitual felony offender treatment. The judge advised Mr. Taylor of the “new” maximum sentences, including the possibility of “stacking.” At which point, virtually unrepresented, Mr. Taylor gave up:
Your Honor, why don’t you just go ahead and sentence with whatever you’re going to do, habitual or otherwise, and let’s just get this thing over with. I’m pleading guilty to everything. Get it over with. Let’s quit playing games here. Just do it.
The judge clarified that Mr. Taylor wanted to continue with the previously-entered guilty pleas and announced that he would not impose habitual felony offender sentencing. The judge then announced departure reasons and imposed the maximum sentences on each count, each case consecutive, for a total of 130 years.
While some of the departure reasons given were valid, and the imposed sentences legal, this court has serious concerns regarding the conduct of the judge and the State in this case. The record appears to support the position that the judge was an active participant in an off-the-record plea negotiation, a practice contrary to the principles set forth in State v. Warner, 762 So.2d 507, 514 (Fla.2000) (“A record must be made of all plea discussions involving the court.”). Additionally, while we have no doubt that Mr. Taylor deserved a harsh sentence, Mr. Taylor also deserved effective representation of counsel before a fair and impartial tribunal. The record reflects that Mr. Taylor’s counsel at sentencing failed to assist him before the court.
Reluctantly, we affirm Mr. Taylor’s sentences. This affirmance is without prejudice to Mr. Taylor’s right to file a motion for postconviction relief alleging a violation of the plea agreement, a double jeopardy violation, and ineffective assistance of counsel. Because of the trial judge’s participation in the plea agreement, should Mr. .Taylor seek, and be given, an opportunity to withdraw his pleas, this case should be heard by a different trial judge.
Sentences affirmed.
DAVIS and STRINGER, JJ., Concur.