864 So.2d 1203 (2004)
Jeffrey HORNBUCKLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-74.
District Court of Appeal of Florida, Fifth District.
January 16, 2004.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
We once again consider the issue of vindictive sentencing. In this case Jeffrey Hornbuckle appeals the denial of his rule 3.850 motion alleging ineffective assistance of counsel. He asserts that because his attorney did not challenge a 36-month sentence on the ground that it was vindictive, his counsel failed to render the minimum level of effective assistance. Mr. Hornbuckle misapprehends the nature of vindictive sentencing.
Mr. Hornbuckle was charged by information with driving with a cancelled, suspended or revoked license pursuant to section 322.264, Florida Statutes (2001), as an habitual traffic offender. The State offered a plea bargain by which he would receive a sentence of 180 days in the county jail in exchange for a plea to the charge. The trial court seemed to be willing to agree to impose this sentence. Mr. Hornbuckle, hoping to receive a non-incarcerative sentence, however, decided that he would rather plead "open" to the court. The trial judge did not actively participate in this negotiation, but simply listened to Mr. Hornbuckle's attorney describe the reasons for the open plea. After agreeing to accept the open plea, the judge then said:
The Court: Does Mr. Hornbuckle also understand that in tendering an open pleado you understand that I can sentence you from anything to no sanctions all the way to 5 years of incarceration?
The Defendant: Yes, Sir.

*1204 The Court: And $5,000.00 fine if I so choose. Do you understand that?
The Defendant: Yes, Sir.
The Court: Do you understand there's no agreement or even hint by the court as to what I will do? All three options: plead open to the court, accept the negotiated settlement that the State has given you [180 days] or you can go to trial and take your shot there. Do you understand that?
The Defendant: Yes, Sir.
The judge accepted the plea and then considered Mr. Hornbuckle's prior criminal record, which included several driver's license violations, a failure to appear, a number of third degree felonies, and the fact that he was on probation at the time he committed the crime for which he was being sentenced. The court adjudicated Mr. Hornbuckle guilty and sentenced him to three years in state prison.
Mr. Hornbuckle filed an unsuccessful rule 3.800 motion to correct illegal sentence with the trial court, and appealed the order denying relief to this court. We affirmed per curiam.[1] He then filed his rule 3.850 motion, which was denied after an evidentiary hearing during which the trial court found that Mr. Hornbuckle failed to demonstrate ineffectiveness of trial counsel under the Strickland standard.[2] More specifically, the court found that Mr. Hornbuckle failed to show that he had been misadvised by his lawyer. This appeal followed.
Our Supreme Court has addressed the issue of judicial vindictiveness in two rather recent cases. In State v. Warner, 762 So.2d 507 (Fla.2000), the Court authorized certain limited judicial participation in the plea bargaining process. The Court related, however, that trial judges may not initiate the plea discussion. In addition, the Warner court indicated that the judge may neither state, nor imply "alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." Warner, 762 So.2d at 513-514. That is, judges must not suggest in any way that the sentence might vary depending on whether the defendant chooses to exercise his or her right to trial by jury. See also Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003).
The high court revisited the issue in Wilson v. State, 845 So.2d 142 (Fla.2003). There, the Court declined to adopt a presumption of vindictiveness to be applied in all cases in which a judge participates in plea negotiations, but instead concluded that a "totality of circumstances" review is more appropriate to determine if a defendant's constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations with the court. Wilson, 845 So.2d at 156. See also Vondervor v. State, 847 So.2d 610 (Fla. 5th DCA 2003). The Wilson court held, moreover, that:
Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. (Citation omitted). The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner; (2) whether the trial judge, through his or her comments on the record, appears to have departed *1205 from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
Wilson, 845 So.2d at 156.
In the present case the trial judge did not initiate the plea discussion, and never implied that a harsher sentence would result if Mr. Hornbuckle exercised his right to go to trial. The only discussion involving the plea centered around whether Mr. Hornbuckle wanted to accept the State's offer, or plead open to the court. There appeared to be no coercion, no threats, and no implication of an elevated sentence for exercising any right. Instead, Mr. Hornbuckle got a legal sentence that was well within the prerogative of the trial court. That the sentence was greater than offered by the State does not, without more, translate to vindictiveness.
Although Mr. Hornbuckle argues that his counsel was deficient in failing to object to a sentence that he thought was harsh, but within the sentencing authority of the trial court, no legal basis for the objection has been suggested. If there was no legal basis for defense counsel to object to the sentence, the failure to do so cannot be ineffective. See Sampson v. State, 832 So.2d 251 (Fla. 5th DCA 2002).
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] Hornbuckle v. State, 812 So.2d 429 (Fla. 5th DCA 2002).
[2] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).