ORFINGER, J.
Willie Jamerson appeals his convictions and sentences for attempted robbery with a firearm and attempted second degree murder with a firearm. Jamerson argues that the life sentence imposed for the attempted second degree murder charge was vindictive because the trial court participated in the plea discussions prior to trial.
In Wilson v. State, 845 So.2d 142, 156 (Fla.2003), the supreme court reaffirmed that appellate courts should look at the totality of the circumstances when determining whether a defendant’s constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations that include the trial court’s participation. The Wilson court refined its earlier holding in State v. Warner, 762 So.2d 507 (Fla.2000), stating:
Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a “reasonable likelihood” that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. See [Alabama v.] Smith, 490 U.S. [794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) ]. The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural *50 choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
Wilson, 845 So.2d at 156 (footnote omitted).
In the present case, the trial judge did not initiate the plea discussion, and never implied that a harsher sentence would result if Jamerson exercised his right to go to trial. The only discussion involving the plea centered on whether Jamerson wanted to accept the State’s thirty-year offer, or plead open to the court. The trial judge made certain that Jamerson fully understood the offer that had been made by the State and the maximum sentences that were possible. The record demonstrates no coercion, threats or implication of an enhanced sentence for exercising the right to a trial.
Jamerson received a legal sentence that was within the discretion of the trial court. That the sentence was greater than that offered by the State does not, without more, equate to vindictiveness. See Wilson, 845 So.2d at 151 (quoting Warner, 762 So.2d at 514) (recognizing that “ ‘[a] judge’s candid statement of how a case appears at an early stage of the proceedings does not prevent the judge from deciding the case in a fair and evenhanded' manner later, when additional facts become known’ ”).
We find no merit in Jamerson’s remaining issue.
AFFIRMED.
PETERSON and TORPY, JJ., concur.