COBB, W., Senior Judge.
 

 Seth Andrew Confessore appeals the denial of his rule 3.850 motion following an evidentiary hearing. We reverse and remand for resentencing before a different judge on Defendant’s claim of vindictive sentencing. We affirm the denial of his other claims.
 
 [1]
 
 Defendant was convicted following trial and sentenced for trafficking in ecstasy to twenty-years in prison, with a fifteen-year minimum mandatory sentence, concurrent to five-years in prison for possession of diazepam, followed by ten-years reporting probation consecutive for possession of cocaine with intent to distribute. His direct appeal was per cu-riam affirmed.
 
 Confessore v. State,
 
 932 So.2d 1115 (Fla. 5th DCA 2006).
 

 Defendant alleges that the trial court injected itself into the unsuccessful plea negotiations and sentenced him
 
 *867
 
 harshly for proceeding to trial, in violation of
 
 Wilson v. State,
 
 845 So.2d 142, 150 (Fla.2003). After a first trial, the jury hung and the court declared a mistrial. Prior to the second trial, the State offered a plea of three-years prison. The trial judge prevented Defendant from accepting that plea because the judge wanted five-years of probation to follow prison.
 
 [2]
 
 Defendant considered the court’s offer before proceeding to trial a second time before that same judge. This time the jury convicted Defendant. At sentencing, the trial judge stated that he imposed a harsh sentence because of the high street value of the drugs. However, the testimony from the 3.850 hearing was that no new facts came out at the second trial.
 

 “If a court inserts itself into plea negotiations, and if a harsher than offered sentence is meted out after the rejection of the bargain, a determination must be made regarding whether there is a reasonable likelihood that the harsher sentence was vindictive.”
 
 Evans v. State,
 
 979 So.2d 383, 385 (Fla. 5th DCA 2008). If the totality of circumstances gives rise to a presumption of vindictiveness, then the burden to dispel shifts to the State.
 
 Wilson,
 
 845 So.2d at 156. The analysis from
 
 Wilson
 
 asks: (1) whether the trial judge initiated the plea discussions in violation of
 
 State v. Warner,
 
 762 So.2d 507 (Fla.2000); (2) whether the trial judge, through comments on the record, appears to have departed from the role of impartial arbiter by urging acceptance of a plea, or by implying that the sentence hinged on future procedural choices; (3) the disparity between the plea offer and the sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence.
 
 Wilson,
 
 845 So.2d at 156 (citing
 
 Alabama v. Smith,
 
 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)).
 

 There is an unrebutted presumption of vindictiveness in the present case. The trial judge inserted himself into plea negotiations, and those negotiations were held off the record, in violation of
 
 Warner.
 
 The judge imposed a disparate sentence from his plea offer; even considering the minimum mandatory, Defendant was sentenced to far more prison and probation than offered. The record does not reveal any new facts the judge learned at the second trial which were unknown to him at the time of the first trial.
 

 Accordingly, we preserve the conviction but remand for resentencing before a different judge.
 

 AFFIRMED in Part, REVERSED in Part, and REMANDED.
 

 PALMER, C.J. and ORFINGER, J„ concur.
 

 [1]
 

 . Defendant asserts that his trial counsel was ineffective for failing to inform him of the maximum sentence, and for failing to depose and call a witness.
 

 [2]
 

 . Under Florida Rule of Criminal Procedure 3.171, it is proper for a judge to have final approval on pleas, but it appears that this trial judge went further.