ROBERTS, J.
This appeal arises from an order denying the appellant’s motion to withdraw his plea after sentencing. The appellant argues that his plea was not voluntary. We agree and reverse.
FACTS
The appellant was charged by information with attempted first-degree premeditated murder with a firearm. On September 18, 2009, during a pre-trial hearing, the trial judge initiated the following discussion:
THE COURT: If you go to trial and you’re convicted, it’s possible that you will spend the rest of your natural life in Department of Corrections state prison. Do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: It’s possible that you will not ever be paroled or pardoned, and it’s possible you will stay in prison for the rest of your life. Do you understand?
THE DEFENDANT: Yes, sir.
[[Image here]]
THE COURT: So if you’re sentenced to life, life means life. Do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: Now, you have the option today of entering a plea of no contest or guilty, or announcing ready for trial; because your attorneys have indicated that they are fully prepared and ready to proceed. Do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: Are you at this time electing not to enter a plea of no contest or guilty but to go to trial?
THE DEFENDANT: Yes. I go to trial.
THE COURT: And you understand you may be sentenced to life?
THE DEFENDANT: Yes, sir.
Later in the same hearing, the trial judge initiated the following discussion:
THE COURT: You’re satisfied that you’ve had a full, fair, and free opportunity to discuss these issues with your client, that his decision to go to trial is knowing, intelligent, and a conscious decision on his part to exercise his right to a trial by jury?
[DEFENSE COUNSEL]: Yes, Your Honor.
THE COURT: And I’ve reviewed the Court file.
[DEFENSE COUNSEL]: Uh-huh.
THE COURT: And it’s clear to the Court that there is — I’m not going to make a decision about whether it’s beyond exclusion of every reasonable doubt, but there is compelling evidence that the State is going to present.
And again, juries do what juries do. And I don’t know what they’re going to do clearly, and I’m sure you have some theory of defense; but based upon the *836 compelling evidence before the Court the Court could foresee a strong likelihood that this jury could come back with a conviction. You’ve had the opportunity to explain that to him?
[DEFENSE COUNSEL]: We have, Your Honor. And if you’d like to take the opportunity to have that translated to him, we’ve only — have spoken to him in English, and he seems to understand; but if you want to take the opportunity to have that explained to him in Vietnamese?
THE COURT: With the interpreter — I’ve reviewed this court file — tell him, interpret.
(Interpreter spoke in a language other than English)
THE DEFENDANT: Yes.
THE COURT: I don’t know what a jury will do.
(Interpreter spoke in a language other than English)
THE DEFENDANT: (Nods head.)
THE COURT: But based upon what has been available to me—
(Interpreter spoke in a language other than English)
THE DEFENDANT: (Nods head.)
THE COURT: The State’s evidence is compelling.
(Interpreter spoke in a language other than English)
THE COURT: And I would think that there is a—
(Interpreter spoke in a language other than English)
THE COURT: — strong potential for a finding of guilt by a jury.
(Interpreter spoke in a language other than English)
THE COURT: And if he elects to go to trial and is convicted by a jury— (Interpreter spoke in a language other than English)
THE DEFENDANT: (Nods head.)
THE COURT: I want to ensure that he understands—
(Interpreter spoke in a language other than English)
THE DEFENDANT: (Nods head[.]) [Y]es.
THE COURT: — that he may well be sentenced to life in prison.
(Interpreter spoke in a language other than English)
THE DEFENDANT: (Nods head[.]) [Y]es.
THE COURT: He understands?
THE DEFENDANT: (Nods head.)
INTERPRETER: Yes. He understands.
THE DEFENDANT: Yes.
THE COURT: And he’s not willing or desirous of making a no contest or guilty plea?
(Interpreter spoke in a language other than English)
INTERPRETER: I tell him that. He want to say something to you. He can say right now.
[[Image here]]
THE DEFENDANT: No, sir, got no questions.
[[Image here]]
THE COURT: Okay. I find that the defendant understands the ramifications of a trial, that he has elected to exercise his right to a fair trial in front of a jury of his peers, and he understands that the potential for conviction is strong, and that if convicted by a jury, that there is likelihood that he could be sentenced to life in prison.
[[Image here]]
*837 [DEFENSE COUNSEL]: We’ve talked — we’ve advised him though that [the prosecutor] was going to consider the 25-year offer. A 25-year offer never has been officially made. So I guess my question is, is it being made right now, that if he entered a plea, he could get 25 years?
THE COURT: Well, he can plea straight up to the Court. I don’t know whether [the prosecutor] has made that offer or not.
THE PROSECUTOR:.... For the record I have not.
THE COURT: He understands any plea straight up to the Court—
[THE PROSECUTOR]: No, sir.
THE COURT: — I’m not making any assurances of what I would do. I would order a P.S.I.
[THE PROSECUTOR]: No such offer has been conveyed by the Defense to the State....
[[Image here]]
THE COURT: — but my understanding is he has elected not to enter a plea for a possibility of 25 years?
[DEFENSE COUNSEL]: I’m sorry, sir?
THE COURT: He has elected not—
[DEFENSE COUNSEL]: Yes, sir.
THE COURT: — to enter a plea for a possibility 25 years.
[DEFENSE COUNSEL]: Do you understand?
THE DEFENDANT: Yes.
THE COURT: Is that correct?
[DEFENSE COUNSEL]: That’s correct, Your Honor.
On September 21, 2009, just before jury selection, the trial judge initiated the following discussion:
THE COURT: All right. [The defendant], you’ve rejected all plea offers; is that correct?
THE DEFENDANT: Yes, sir.
THE COURT: You’ve rejected the opportunity to plea. You want a trial?
THE DEFENDANT: Yes, sir.
THE COURT: Okay.
[THE PROSECUTOR]: Judge, so the record is clear there is no plea offer.
THE COURT: Well, there is no plea offer. You rejected all opportunities to plea, and you understand if you’re convicted at trial, it’s a possibility of a life sentence. It’s a [life] felony.
THE DEFENDANT: Yes, sir.
[[Image here]]
THE COURT: .... [The defendant], there was an opportunity for you to plea straight up to the Court and the Court would consider the possibility of a 25-year mandatory minimum, and you’re rejecting that opportunity. Is that correct?
THE DEFENDANT: Yes, sir.
On September 23, 2009, just before trial was to begin, defense counsel initiated the following discussion:
[DEFENSE COUNSEL]: Your Hon- or, in speaking [with the defendant] this morning he indicated that it may be possible to resolve the case. We would be willing to take a twenty-five year minimum sentence.
THE COURT: I picked a jury. There are no — I would order a PSI.
[DEFENSE COUNSEL]: And set it for sentencing?
THE COURT: Set it for sentencing. Once I pick the jury, there’s no — .
[DEFENSE COUNSEL]: I understand, Your Honor. If we can have a moment to relay that to him and see if he wishes to proceed.
*838 THE COURT: Okay.
[[Image here]]
[DEFENSE COUNSEL]: We’re going to move forward, Your Honor.
THE COURT: What?
[DEFENSE COUNSEL]: We’re going to move forward.
THE COURT: Do you want me to talk to your client?
[DEFENSE COUNSEL]: You can, Your Honor.
THE COURT: All right. Mr. Ha.
THE DEFENDANT: Yes, sir.
THE COURT: My understanding is that this morning you had asked your attorney if you could enter a no contest or guilty plea in exchange for a commitment from the court that it would impose a twenty-five years sentence; is that correct?
THE DEFENDANT: Yes.
THE COURT: And I explained to them that once we picked this jury, as I explained to you before, that there will be no commitment from the court on a sentence once the jury was picked. Do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: Now, if you chose to enter a no contest or guilty plea, I would order a presentence investigation, and the range of punishment that could potentially be imposed would be within the discretion of the court, not less than twenty-five years, potentially up to a life sentence. Do you understand?
THE DEFENDANT: Yes.
THE COURT: Now, I did not say I would not impose a twenty-five year sentence. I just said I would not commit to it. Do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: Nonetheless, after your discussion with your attorney you’re electing to proceed to trial; is that correct?
THE DEFENDANT: Yes.
THE COURT: You do not want to plead no contest, and you do not want to plead guilty; is that correct?
THE DEFENDANT: Yes, sir.
THE COURT: And you understand if you’re convicted, it may be a life sentence?
THE DEFENDANT: Yes.
[[Image here]]
THE DEFENDANT: Right now it’s no plea offer on the table?
THE COURT: I told you before, once we pick that jury there will be no plea offer. It’s possible I could impose a twenty-five year sentence. If you pled no contest or guilty, it’s possible I could do something greater than that.
I am not making any assurances to you. I would order a presentence investigation and I would evaluate all the circumstances surrounding everything, and I would impose an appropriate sentence.
I would, of course, consider the fact that you did enter a plea. That would be a consideration, but I would also consider all other factors, and I’m not making any commitments.
THE DEFENDANT: I would like to plea out to you today.
The defendant indicated that he wished to plead no contest to the charge of attempted first-degree premeditated murder with a firearm. A plea colloquy followed. Af-terwards, the trial judge accepted the plea, finding that it was freely and voluntarily entered.
On December 3, 2009, a sentencing hearing was held. The trial judge adjudicated the defendant guilty and sentenced him to life in prison with a mandatory minimum *839 of 25 years. The trial judge did not provide any explanation for the increased sentence.
On December 23, 2009, the appellant filed a motion to withdraw his plea. On January 14, 2009, during a hearing on the motion, defense counsel made the following statements:
.... There was one other matter that, you know, we could address now, too, because it may be a year or two before it ever gets looked at again, I don’t know, but there was also a colloquy that was held.
It wasn’t a colloquy. I believe it was held just between court and counsel.
⅜ ⅜ *
It was also colloquy — I don’t think there’s a record of it. It was on the 14th. It was just between the attorneys and the Court where we — the court inquired if [the State] would offer him 25 years, and then we went out to the jail to see if he would take the 25 years— Mr. Ha would take the 25 years and he rejected the 25 years, and so that would — that was not on the record.
I am trying to make sure we got all the — everything we need to do to get on the record today so the court can make its ruling one way or the other.
After arguments, the trial judge denied the defendant’s motion to withdraw his plea.
ANALYSIS
Although judicial participation in the plea bargaining process is not prohibited, it must be limited “to minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice.” State v. Warner, 762 So.2d 507, 513 (Fla.2000). Some limitations placed on judicial participation in the plea bargaining process include, but are not limited to, the following. First, the trial judge may participate in plea discussions upon the request of a party but must not initiate such discussions. Id, at 514. Second, based on a preliminary evaluation of the information available at the time, the trial judge may state on the record the sentence which appears to be appropriate for the charged offense(s). However, if the trial judge later determines that the sentence to be imposed must exceed the preliminary evaluation, then the defendant who has pleaded guilty or no contest has an absolute right to withdraw the plea. Third, to avoid the potential for coercion, the trial judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the defendant exercising his right to trial. Fourth, all plea discussions involving the trial judge must be made on the record. Id,
In the instant case, the record clearly demonstrates that those limitations were exceeded by the trial judge, leading to the defendant’s involuntary plea. First, the trial judge improperly initiated the plea discussions with the defendant. Second, despite the fact that the trial judge later determined that a life sentence, rather than a 25-year sentence, had to be imposed, the trial judge did not allow the defendant to withdraw his plea. Third, the trial judge both stated and implied that the defendant would have been sentenced to 25 years in prison, rather than life, if he had pled before jury selection. Fourth, based on defense counsel’s statements at the motion hearing, it appears that not all plea discussions involving the trial judge were made on the record.
Accordingly, we vacate the order denying the defendant’s motion to withdraw his *840 plea and remand with instructions to allow the withdrawal.
REVERSED and REMANDED.
PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.