NORTHCUTT, Judge.
Jeffery Zeigler appeals his convictions and sentences for trafficking, sale, and possession of cocaine. We affirm the convictions without further comment, but we must reverse the sentences and remand for resentencing by a different judge.
The convictions and sentences under review here arise from a single trial and sentencing encompassing three charges in two cases. In circuit court case 06-27419, Zeigler was charged with trafficking in more than 28 but less than 200 grams of cocaine. In circuit court case 07-7843, Zeigler was charged with two counts each of sale and possession of cocaine occurring on two separate dates. The trafficking charge occurred on the same day as one set of the sale and possession charges. The other sale and possession charges were severed and are not at issue here. Following Zeigler’s convictions, he was sentenced to a total of forty-five years in prison: thirty years with a three-year mandatory minimum for trafficking, a consecutive fifteen years as a habitual offender for one sale, and a concurrent five years for one possession.
Just before the start of Zeigler’s jury selection, the trial judge engaged in a discussion with him, the origin of which is not disclosed in the transcript. The judge outlined and explained the various cases pending against Zeigler. In addition to the charges set for trial that day, Zeigler had pending charges of burglary, fleeing to elude, and drug possession. The judge advised Zeigler that he faced a potential exposure of 155 years in prison. The judge further observed that the prosecutor’s “job by law is to seek the maximum penalty,” while the court’s job was to impose a lawful sentence if Zeigler was convicted. Referring specifically to the charges to be tried that day, the judge described his understanding of the underlying facts and then said that Zeigler faced a maximum penalty of ninety years. He ultimately assessed the State’s case as a “slam dunk for the prosecutor.” The judge then said to Zeigler: “So, you want to go to trial? You know, everybody can go to trial. Anybody can go to trial, but realistically, what are [your] chances? Realistically, they’re not too good. So, I’ll give you a few minutes to talk to your lawyers” while the bailiffs gathered the prospective jurors.
When the proceedings resumed, the defense attorneys announced that Zeigler wanted to enter an open plea based on their estimate that a fifteen-year sentence might be possible. But Zeigler quickly changed his mind when the judge began the plea colloquy and referred to a lawful sentence rather than promising a fifteen-year sentence. The judge then ended the colloquy and called for the start of jury selection. At that point, the prosecutor announced that he was ready to try the case and that his intention was to seek a sixty-year sentence after trial. The judge *580 called for the start of the trial, telling the defense attorneys that “if your client wants to roll the dice, let him.” Before bringing in the prospective jurors, the judge concluded by saying that Zeigler would get, “one way or another, a lawful sentence” and that Zeigler would probably “rue the day that [he] didn’t dispose of the case.” Thereafter, a jury was selected, and the trial proceeded. As mentioned earlier, Zeigler was ultimately sentenced to forty-five years in prison.
Zeigler argues that the judge’s remarks raise a presumption of vindictive sentencing and a constitutional due process violation of his right to trial. “[T]he law is clear that any judicially imposed penalty which needlessly discourages assertion of the Fifth Amendment right not to plead guilty and deters the exercise of the Sixth Amendment right to demand a jury trial is patently unconstitutional.” Wilson v. State, 845 So.2d 142, 150 (Fla.2003) (citations and internal quotation marks omitted). Although leniency may be justified by a guilty plea, the reverse is not true; a harsher sentence is not justified by a not guilty plea and exercise of the constitutional right to trial. Id. In Wilson, 845 So.2d at 156, the supreme court held that the appropriate analysis is “a totality of the circumstances review ... to determine whether a defendant’s constitutional right to due process of law was violated by the imposition of an increased sentence after unsuccessful plea discussions in which the trial judge participated.”
The relevant circumstances included the judge’s participation in plea negotiations, the sentence imposed, and factors such as:
(1) whether the trial judge initiated the plea discussions with the defendant in violation of [State v.] Warner, [762 So.2d 507 (Fla.2000)]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
845 So.2d at 156 (footnote omitted).
Vis-á-vis the first factor, although the record does not show that the judge initiated plea negotiations, he did advocate a plea by warning Zeigler of the potential consequences of proceeding to trial. See Wilson, 845 So.2d at 154 (citing McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999)), as an example showing “judicial vindictiveness may arise where the trial judge does not make the offer itself but, rather, becomes actively involved in an unsuccessful plea bargaining discussion between the State and the defendant”). As to the second factor, the judge’s remarks also evidenced a departure from the role of impartial arbiter by endorsing the strength of the State’s case and telling Zeigler that he would “rue the day” he decided to exercise his constitutional right to a trial.[1]
*581 Because the case involved a short-lived attempt at an open plea, the record does not afford a true comparison of an offer to a sentence as suggested by the third factor. We note that the judge did not reject out of hand the defense suggestion of a fifteen-year sentence, nor did he agree. Regarding the fourth factor, the record contains no explanation for the sentences beyond the serious nature of the charges and the prosecutor’s determination to seek maximum penalties. But we conclude that the presumption arises here from the first two factors, so that the burden shifts to the State to dispel the presumption.
As regards factors (1) and (2), if the judge participates in the plea negotiations beyond what is contemplated by Warner, or by his or her comments appears to have departed from the role of a neutral arbiter, then these actions alone may give rise to a presumption of judicial vindictiveness that would shift the burden to the State to produce affirmative evidence on the record to dispel the presumption.
Wilson, 845 So.2d at 156. Here, the judge actively advocated for Zeigler to enter an open plea and then observed in rather ominous terms that he would regret not doing so. See State v. Warner, 762 So.2d 507, 514 (Fla.2000) (“To avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant’s right to trial.”). Further, our review of the record has disclosed no facts sufficient to dispel the presumption and appearance that Zeigler received lengthier sentences because he exercised his right to trial. Therefore, we reverse the sentences and remand for resentencing before a different judge. See Wilson, 845 So.2d at 159.
Reversed and remanded for resentenc-ing.
LaROSE and CRENSHAW, JJ., Concur.

. We take other comments by the judge to be an expression of the prosecutor’s stated position in this case to seek a maximum penalty, rather than an expression of the prosecutor's perceived duty in every case to seek maximum penalties. The special responsibilities of a prosecutor are set forth in rule 4-3.8 of The Rules Regulating The Florida Bar. The comment to this rule notes that "Florida has adopted the American Bar Association Standards of Criminal Justice Relating to Prosecution Function.” ABA Standard 3-6.1 describes the prosecutor’s role in sentencing in part as follows:
*581 (a) The prosecutor should not make the severity of sentences the index of his or her effectiveness. To the extent that the prosecutor becomes involved in the sentencing process, he or she should seek to assure that a fair and informed judgment is made on the sentence and to avoid unfair sentence disparities.