NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CALVIN FORMAN,                          )
                                        )
                Appellant,              )
                                        )
v.                                      )        Case No.  2D15-5165
                                        )
STATE OF FLORIDA,                       )
                                        )
                Appellee.               )
_____)

Opinion filed October 20, 2017.

Appeal from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Howard L. Dimmig, II, Public Defender,
and Benedict P. Kuehne, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee.


KELLY, Judge.

        Calvin Forman appeals from his judgment for aggravated battery and his

twenty-five-year prison sentence.  We affirm the conviction without comment.  We

reverse the sentence and remand for resentencing before a different circuit court judge.

At the conclusion of jury selection, defense counsel told the trial judge that Forman would enter a nolo contendere plea in exchange for a reduction in the charge to felony battery. When the prosecutor declined to reduce the charge, the trial judge said he might agree to a sentencing cap in exchange for a plea to aggravated battery. The trial judge then asked to go off record to further discuss the matter contrary to the directive in State v. Warner, 762 So. 2d 507, 514 (Fla. 2000) ("A record must be made of all plea discussions involving the court."). No agreement was reached and the trial proceeded to opening statements.

Midtrial, when the State encountered difficulties in producing a material witness, the trial judge initiated plea negotiations, which is also prohibited by Warner. Id. at 513 ("The trial court must not initiate a plea dialogue; rather, at its discretion, it may . . . participate in such discussions upon request of a party.") After discussions with defense counsel regarding what kind of plea Forman might agree to and what sentence the judge might be willing to impose, the judge asked the prosecutor if he would consider reducing the charge given the problem with the State's witness. The prosecutor said he would consider it. The judge pressed the prosecutor further on this point and then directed defense counsel to find out if Forman would enter a plea to a reduced charge of felony battery as a habitual offender in exchange for 6.3 years in prison, which was at the bottom of Forman's recommended sentencing guidelines range. The judge added that if Forman said no, he was going to continue the trial so the State could secure the attendance of its witness. No further discussions regarding a possible plea appear in the record, but Forman obviously said "no" because the case was continued as promised. Ultimately, the jury convicted Forman as charged, and the

- 2 -

judge sentenced him to twenty-five years in prison. The judge's comments at sentencing offer no explanation of the grounds for the twenty-five-year sentence other than the nature of the crime and Forman's extensive criminal history, all of which were known to the judge when he offered to accept a plea in exchange for a sentence of 6.3 years. See Warner, 762 So. 2d at 514 (noting that a judge's preliminary evaluation of the case is not binding if additional facts emerge prior to sentencing which affect the judge's sentencing discretion).

The nature and extent of the trial judge's involvement in the plea negotiations, the off-the-record discussion, and the subsequent imposition of a sentence that was significantly harsher than the one he had initially offered is sufficient to give rise to a presumption of judicial vindictiveness. See Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003) ("[I]f the judge participates in the plea negotiations beyond what is contemplated by Warner, or by his or her comments appears to have departed from the role of a neutral arbiter, then these actions alone may give rise to a presumption of judicial vindictiveness . . . ."); Harris v. State, 903 So. 2d 363, 366 (Fla. 2d DCA 2005) (concluding the State had failed to overcome a presumption of vindictiveness where the trial court initiated off-the-record plea discussions, departed from its role as a neutral arbiter, and imposed a sentence significantly harsher than the plea offer). The State points to nothing in the record that is sufficient to rebut that presumption. The totality of the circumstances leads us to conclude that Forman is entitled to relief pursuant to Wilson. We therefore reverse the sentence imposed and remand for resentencing before a different circuit court judge. See Wilson, 845 So. 2d at 159.

Conviction affirmed, sentence reversed, case remanded for resentencing.

WALLACE and BADALAMENTI, JJ., Concur.