# Third District Court of Appeal
## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2304
Lower Tribunal Nos. AGZSNFE & AJDETFE

_____

**Andrea Rhodeshia Smith,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

Law Offices of Robert S. Reiff, P.A., and Robert S. Reiff, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. See Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003) ("[F]actors that should be considered [in determining whether a presumption of vindictiveness exists] include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of [State v. Warner, 762 So. 2d 507 (Fla. 2000)]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.") (footnote omitted); Gonzalez v. State, 419 So. 3d 1194, 1198 (Fla. 3d DCA 2025) ("[T]he presumption of vindictiveness does not arise in this case. . . . Since the presumption does not arise and the burden never shifts, [the appellant] was required to prove actual vindictiveness. [The appellant] failed to do so.").