# IN the MATTER OF the AMENDMENT OF RULES OF CIVIL & CRIMINAL PROCEDURE: SECTIONS 971.07 & 971.08, STATS.

Supreme Court

*Undocketed. Filed March 21, 1986.*
(Also reported in 383 N.W.2d 496.)

ABRAHAMSON, J., dissents.
BABLITCH, J., dissents.

PER CURIAM.

Included in the January 31, 1985, petition of the Judicial Council of Wisconsin requesting the amendment of the Rules of Civil and Criminal Procedure was a proposal to create a statutory procedure governing the use of plea agreements in criminal cases. Following a public hearing on the petition held April 16, 1985, the court ordered that portion of the petition concerning plea agreements held in abeyance in order that the requested rule amendments might be considered by the Judicial Conference of Wisconsin at its September, 1985 meeting. The court also conducted a survey of Wisconsin trial judges with respect to their experience with plea agreements and their views of the Judicial Council rule proposal. Upon consideration of the information provided at the public hearing, in written communications directed to the court, at the Judicial Conference meeting and in the responses to the survey, the court determines that the Judicial Council proposed plea agreement rule is neither necessary nor advisable and that the request for its adoption be denied.

The principal features of that proposal are the following:

(1) A court could refuse to accept any plea of guilty or no contest which is entered pursuant to an agreement between the defendant and the prosecutor that, in exchange for the defendant's entry of a plea of guilty or no contest to a specific offense, the prosecutor will make a recommendation to the court for the imposition of a specified sentence, fine, period of probation or other disposition;

(2) Before accepting a plea entered pursuant to an agreement, the court must require the disclosure of the terms of the agreement and, if it accepts the plea, it must approve or reject the agreement before imposing sentence of probation;

(3) If the agreement is approved, the sentence or probation order imposed by the court may be no less favorable to the defendant than the dispositional recommendation required by the agreement;

(4) If the court rejects the plea agreement, it must disclose that fact prior to imposing sentence or probation, inform the defendant of the specific terms of the sentence or probation order to be imposed which exceed any dispositional recommendation required by the agreement, permit the defendant to move immediately for withdrawal of the plea, and forthwith grant such a motion, if made;

(5) If a valid judgment is subsequently entered on a plea made pursuant to an agreement requiring a dispositional recommendation, the defendant is prohibited from seeking a modification of the sentence or other disposition imposed for reasons known to or reasonably discoverable by the defendant at the time of sentencing.

This proposal, as stated in the Judicial Council Note to the proposed rule amendments, "is intended to give defendants relief from certain plea agreements not approved by the court and to minimize postconviction attacks on sentences and probation orders."

Insofar as it may be intended to ensure that a criminal defendant not be misled into entering a plea of guilty or no contest to criminal charges, the proposed procedure is unnecessary, as this court has set forth on numerous occasions the procedure a trial court is to follow prior to accepting a plea. More importantly, however, the proposal is inconsistent with the proper role of the judge in accepting pleas and imposing sentences in criminal proceedings.

In order to protect a criminal defendant from prosecutorial overreaching or from being misled into entering a plea and thereby waiving important constitutional rights, it is essential that at the outset the defendant understand that the court is neither a party to nor bound by the plea agreement. Further, this court, in *Ernst v. State,* 43 Wis. 2d 661, 170 N.W.2d 713 (1969), established the necessary factors a trial court must consider and place upon the record as a basis for determining whether to accept a criminal defendant's plea. Those factors are:

(1) The extent of the defendant's education and general comprehension.

(2) The defendant's understanding of the nature of the crime with which he is charged and the range of punishments which it carries.

(3) Whether any promises or threats have been made to the defendant in connection with his appearance, his refusal of counsel, and his proposed plea.

(4)  The possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to the defendant.

(5)  Whether the defendant understands that, if indigent, counsel will be provided at no expense to him.

(6)  Whether the conduct which the defendant admits constitutes the offense charged, *i.e.,* whether there is a factual basis for the plea. *Id.,* 674.

Since 1969, the court has frequently reiterated, most recently in *State v. Cecchini,* 124 Wis. 2d 200, 368 N.W.2d 830 (1985), and *State v. Minniecheske,* 127 Wis. 2d 234, 378 N.W.2d 283 (1985), that trial courts must comply with this procedure in order to afford sufficient protection to a criminal defendant wishing to enter a plea of guilty or no contest.

The Judicial Council's proposal would require the trial judge to take an active part in the plea agreement process. Rather than merely deciding whether to accept a plea of guilty or no contest entered pursuant to an agreement between the prosecutor and the defendant, the judge who rejects a plea agreement would be required to make the defendant an "offer"—the judge's statement to the defendant informing him of the sentence or other disposition the judge would impose which exceeds the dispositional recommendation set forth in the plea agreement. The defendant, knowing what sentence the judge would impose, would then be able to withdraw his plea and the proceeding would continue as if the plea agreement had never been made.

This proposed inclusion of the judge in the plea agreement process is contrary to what we have consistently held to be the proper judicial role in considering pleas made pursuant to an agreement. "Trial judges

should be careful to abstain from injecting themselves into plea bargaining or influencing the making of a plea. A trial judge may accept a plea bargain, but he should not do the bargaining." *Rahhal v. State,* 52 Wis. 2d 144, 150, 187 N.W.2d 800 (1971). "In Wisconsin, the entire sentencing process is to be a search for the truth and an evaluation of alternatives. Any advance understanding between prosecutor and defendant must not involve the trial judge. . . ." *Farrar v. State,* 52 Wis. 2d 651, 657, 191 N.W.2d 214 (1971).

> "A trial judge should not participate in plea bargaining. This is true because (1) the defendant can receive the impression from the trial judge's participation in the plea discussions that he would not receive a fair trial if he went to trial before the same judge; (2) if the judge takes part in the preplea discussions, he may destroy his objectivity when it comes to determining the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report, and (4) the defendant may feel that the risk of not going along with the disposition which is apparently desired by the judge is so great that he will be induced to plead guilty even if innocent.
>
> "The vice of judicial participation in the plea bargaining is that it destroys the voluntariness of the plea. (Footnotes omitted.)" *State v. Wolfe,* 46 Wis. 2d 478, 487–488, 175 N.W.2d 216 (1970).

In these cases the court's disapproval was limited to the judge's participation in the plea bargaining process itself before an agreement was reached; we did not object to the judge's being informed of the terms of a plea

agreement that had already been reached by the prosecutor and the defendant. *Id.,* 488–89.

While it might be argued that the proposed procedure does not involve the judge in the making of the plea agreement itself, as the agreement is to be presented to the judge for approval or rejection, in effect the judge would become a part of the agreement procedure when, upon rejecting the plea agreement, the judge discloses the specific terms of the sentence or probation order to be imposed, terms which the defendant would then be free to accept or reject. The same reasons for which we have held that a judge should not participate in plea bargaining are equally applicable to the proposed procedure: the defendant might reasonably believe that he would not receive a fair trial if he went to trial before the same judge who had already determined the specific terms of the sentence to be imposed if the defendant had pleaded guilty; if the defendant chooses not to withdraw his plea, the voluntariness of the plea may reasonably be questioned; the judge would be required to determine specific terms of a sentence without the benefit of information concerning the defendant's personality, social circumstances and general pattern of behavior which would be provided in the presentence investigation report prepared following the acceptance of the plea; the defendant might reasonably believe that the risk to which he would be exposed if he withdrew his plea in the face of the judge's intended sentence is so great as to induce him to plead guilty even if innocent.

We have heretofore addressed the propriety of a judge's informing a defendant of the sentence to be imposed prior to accepting a guilty plea, and we held it to be improper.

427

"The reason for the firm rejection of the suggestion that a judge ought, or ought even be permitted, to make an advance indication of what sentence is likely or probable is twofold. The first goes to the integrity of the sentencing function. Here the defendant requested and the court directed that a full presentence investigation be made. In addition, the state's prima facie case, subsequent to the entry of plea, informed the court of the exact nature of the crime committed. Additionally, the statement of the defendant, the arguments of his attorney, as well as those of the prosecutor, were all before the court before sentence was pronounced. It was on the basis of all these facts and factors, presented to the judge prior to sentencing, that sentence was determined. Only when all pertinent facts are before it can a court best balance all of the factors involved in choosing between alternatives available as to the sentence to be imposed. This court has commented that a sentencing court is to '... consider the nature of the particular crime, *i.e.,* the degree of culpability—distinguishable from the bare-bones legal elements of it—and the personality of the criminal. ...' The discharge of such responsibility would not be aided by encouraging, much less requiring, a trial court to state, at the time of entry of plea, what the outcome of the sentencing process may or will probably be.

"The second and equally compelling reason for not entitling defendants to be told, at time of entry of plea, what sentence will probably be imposed is the rule or policy in this state against participation by judges in so-called 'plea bargains.' ..." *State v. Erickson,* 53 Wis. 2d 474, 480–81, 192 N.W.2d 872 (1972).

In addition to interfering with the sentencing process by requiring the judge who rejects a plea agreement to determine the sentence he intends to impose without the benefit of a presentence investigation, the proposed procedure blurs the distinct roles of the executive and judicial branches of government in the operation of our criminal justice system. If the prosecutor's dispositional recommendation made pursuant to an agreement reached with the defendant is rejected, the defendant could understandably perceive the judge's subsequent declaration of an intended sentence as the judge's assuming the prosecutor's role and making a "counter offer," which the defendant could accept or, by withdrawing his plea, reject. It is difficult to see how the judge's statement of an intended sentence, if less than the statutory maximum applicable to the offense charged, is any less an offer of a plea "bargain" than the prosecutor's agreement to recommend a particular disposition in exchange for a plea. Indeed, it might be regarded as a better agreement for the reason that, if the defendant did not withdraw his plea, the judge would be bound by the sentence stated to be imposed.

For all these reasons, we decline to adopt the plea agreement procedure proposed by the Judicial Council.

IT IS ORDERED that the Judicial Council petition to renumber sec. 971.07, to create sec. 971.07 Plea agreements, and to amend sec. 971.08(1) of the Wisconsin Statutes is denied.

Bablitch, J., dissents.

Shirley S. Abrahamson, J. *(dissenting)*. The rules proposed by the Judicial Council governing the use of plea agreements in criminal cases comport with the

recommendations of the American Bar Association, the National Conference of Commissioners on Uniform State Laws, and the American Law Institute. The Wisconsin Department of Justice advised the court that it strongly favors the adoption of the rules to assure that "the plea agreement process is uniform [across the state], fair to all parties and deserving of public confidence." For the reasons set forth by the Department of Justice, I would adopt the rules.