STATE of Wisconsin, Plaintiff-Respondent,

v.

Christina ROUBIK, Defendant-Appellant.†

Court of Appeals

*No. 86–0908–CR. Submitted on briefs January 6, 1987.—*
*Decided February 17, 1987.*

(Also reported in 404 N.W.2d 105.)

† Petition to review denied.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general and *Sally L. Wellman,* assistant attorney general.

For the defendant-appellant the cause was submitted on the briefs of *Elizabeth E. Stephens,* assistant state public defender, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J. Christina Roubik (Roubik) appeals from a judgment convicting her of knowingly delivering cocaine, a controlled substance, party to a crime, contrary to secs. 161.41(1)(b), 161.16(2)(b)1, and 939.05, Stats., and an order denying her postconviction motion for a new trial. On appeal, Roubik raises essentially three issues: (1) the trial court did not have the authority to refuse to accept a guilty plea entered pursuant to a plea bargain, or in the alternative, it abused its discretion in doing so; (2) the trial court abused its discretion in refusing to submit Roubik's proposed jury instructions; (3) the trial court failed to exercise discretion in its sentencing. We affirm.

## PLEA AGREEMENT

Roubik was charged with one count of delivery of cocaine, party to a crime. Pursuant to a plea bargain agreement, the state offered to reduce the charge against Roubik to simple possession of cocaine. The assistant district attorney stated to the court that he had offered to reduce the charge against Roubik because her participation in the case appeared to be

secondary, in that she merely acted as an intermediary for her boyfriend, the codefendant, in the sale of the cocaine to the undercover police officer.

The trial court, after reading the complaint, disagreed with the state's conclusion regarding Roubik's involvement in the offense and refused to accept the reduced plea. According to the court, "[p]art of the problem with accepting a plea to the possession charge is, number one, it doesn't tell any future person looking at the record what her involvement was; number two is the penalties are only thirty days." A jury trial was subsequently held and Roubik was found guilty of delivery of cocaine, party to a crime.

In her first argument, Roubik contends that the trial court did not have the authority to refuse to allow the prosecutor to reduce the charge against Roubik pursuant to a plea bargain. We disagree. In cases discussing the issue of a trial court's participation in a plea agreement, it has repeatedly been stated that a trial court is not bound by a plea agreement entered into between the defendant and the state.[1]

---

[1]*State v. Beckes,* 100 Wis. 2d 1, 6, 300 N.W.2d 871, 874 (Ct. App. 1980) (plea bargains raise expectations of a particular disposition of a case; however, although these expectations can be easily shattered by a judge who declines to accept a plea bargain, judges are not required to accept plea bargains); *Melby v. State,* 70 Wis. 2d 368, 384–85, 234 N.W.2d 634, 642 (1975) (the defendant knew and understood that the trial court was not bound by his plea agreement with the state before he entered his pleas of guilty); *Rahhal v. State,* 52 Wis. 2d 144, 150, 187 N.W.2d 800, 804 (1971) (trial judges should be careful to abstain from interjecting themselves into plea bargaining; a trial judge *may* accept a plea bargain, but he should not do the bargaining); *Shavie v. State,* 49 Wis. 2d 379, 390, 182 N.W.2d 505, 510 (1971) (the defendant,

We also disagree with Roubik's reliance on *In re Amendment of Rules of Civil & Criminal Procedure: Sections 971.07 and 971.08, Stats.,*[2] (hereinafter *Adoption of Plea Agreement Rules)* for the proposition that the trial court cannot reject a guilty plea entered pursuant to a plea agreement. Roubik argues that in *Adoption of Plea Agreement Rules* the supreme court specifically declined to adopt a procedure whereby a court could refuse to accept guilty pleas entered pursuant to a plea bargain. However, the court specifically stated in *Adoption of Plea Agreement Rules* that "it is essential that at the outset the defendant understand that the court is neither a party to nor bound by the plea agreement."[3]

■

The procedure the court refused to adopt in the case was one in which the judge, after being informed of the plea agreement between the state and the defendant, informs the defendant of the sentence to be imposed prior to accepting a guilty plea.[4] Therefore,

---

defendant's counsel, and the state should at all times be cognizant of the fact that the trial court is in no way bound by a plea agreement). *See also* 3 American Bar Association Standards for Criminal Justice sec. 14–3.3 (2d ed. 1980). Section 14–3.3 (b) (ii) states:

> If a plea agreement has been reached by the parties which contemplates the granting of charge or sentence concessions by the judge, the judge should:
> . . . .
> (ii) give the agreement due consideration, but notwithstanding its existence *reach an independent decision on whether to grant charge or sentence concessions* . . . . [Emphasis added.]

[2]128 Wis. 2d 422, 383 N.W.2d 496 (1986).
[3]*Id.* at 424, 383 N.W.2d at 497.
[4]*Id.* at 427, 383 N.W.2d at 498.

306

we reject Roubik's contention that the trial court had no authority to reject the plea agreement.

We also reject Roubik's alternative argument that the trial court's rejection of the plea agreement constituted an abuse of discretion. This court will not overturn a discretionary determination of the trial court unless a clear abuse of discretion is shown.[5]

While it is true that the prosecutor enjoys a good deal of discretion in the performance of his or her duties, this discretion is not absolute in Wisconsin.[6] *Guinther v. City of Milwaukee* sets forth the general standard in Wisconsin allowing limited judicial supervision of prosecutorial motions to dismiss or reduce charges. "Where a public interest is involved, or the interest of a third party, it is the duty of the court to consider those interests in determining whether or not to dismiss an action.[7]

A review of the record indicates that the court considered the public interest involved in the case, i.e., preventing drug dealing, before making its decision to reject the plea agreement. The court was concerned that if it accepted the reduced charge, Roubik would not be deterred from becoming involved in selling drugs in the future. In addition, if Roubik did become involved in future incidents, reducing the charge against her to a misdemeanor would not inform any person looking at her record what her involvement in

---

[5]*Colby v. Colby,* 102 Wis. 2d 198, 208, 306 N.W.2d 57, 62 (1981).

[6]*Guinther v. City of Milwaukee,* 217 Wis. 334, 339, 258 N.W. 865, 867 (1935).

[7]*Id.*

the case was. Accordingly, the trial court did not abuse its discretion in rejecting the plea negotiations.

## JURY INSTRUCTIONS

Roubik next contends that the trial court abused its discretion when it refused to submit two of her proposed jury instructions. Roubik requested a detailed credibility instruction which specifically dealt with inconsistent testimony and an instruction which cautioned the jury that the testimony of a law enforcement officer was entitled to no more weight than that of an ordinary witness. According to Roubik, she submitted these instructions because the success of her case depended upon the jury believing her and her codefendant's testimony rather than the conflicting testimony of the undercover police officer. Therefore, the court's rejection of her proposed instructions deprived her of effectively presenting her defense. We disagree.

In reviewing a trial court's refusal to give a requested instruction, we note that a trial court may exercise wide discretion in issuing jury instructions based on the facts and circumstances of the case. This discretion extends to both choice of language and emphasis.[8] The ultimate resolution of the issue of the appropriateness of giving a particular instruction turns on a case-by-case review of the evidence, with each case standing on its own factual ground.[9] In addition, if the instructions of the court adequately cover the law applicable to the facts, this court will

[8]*State v. Turner,* 114 Wis. 2d 544, 551, 339 N.W.2d 134, 138 (Ct. App. 1983).

[9]*Id.*

not find error in the refusal of special instructions, even though the refused instructions themselves would not be erroneous.[10]

■

Although the special instructions Roubik requested would not be a misstatement of the law, the standard instruction given by the court adequately covered the law on the issue of weighing the credibility of witnesses. The trial court did not abuse its discretion in rejecting these instructions.

■

In addition, we conclude that the trial court's refusal to submit the special instructions did not bar Roubik from submitting a theory of defense instruction as she now contends. A defendant does have the right to an instruction on the theory of defense if there is one. However, the legal theory upon which the defense relies and the evidentiary facts offered in support of the same must be distinguished.[11]

In this case, the defendant's "theory" was simply that she did not participate in the drug deal. As the state points out, this theory was adequately explained to the jury through the instructions defining the substantive offense of aiding and abetting. Roubik's proposed instructions merely highlighted the evidentiary facts, i.e., the credibility of the witnesses, and the trial court properly rejected them.[12]

---

[10]*State v. Pruitt,* 95 Wis. 2d 69, 80–81, 289 N.W.2d 343, 348 (Ct. App. 1980) (citation omitted).

[11]*Id.* at 81, 289 N.W.2d at 348.

[12]*See id.,* 289 N.W.2d at 348–49.

## SENTENCING

Lastly, Roubik argues that the trial court failed to exercise discretion in sentencing her.[13] According to Roubik, the court applied a mechanistic approach to her sentencing based on a preconceived policy impermissibly tailored to fit only the crime and not the defendant. We disagree.

Sentencing is left to the discretion of the trial court, and appellate review is limited to determining whether there was an abuse of discretion.[14] Our review of sentencing is made in light of strong public policy against interference with the court's sentencing discretion. We are reluctant to interfere with a trial court's sentence because it has a great advantage in considering the relevant factors and the defendant's demeanor.[15]

The sentencing court, in passing sentence, is presumed to have acted reasonably, and the defendant has the burden of showing an unreasonable or unjustifiable basis in the record for the sentence.[16] This court

[13]Roubik was convicted of delivery of a controlled substance, party to a crime, contrary to secs. 161.41(1)(b), 161.16(2)(b)1, and 939.05, Stats., which carries a maximum possible penalty of a fine of not more than $15,000 or imprisonment of not more than five years or both. The trial court sentenced Roubik to three years probation, and as a condition of probation, Roubik was ordered to spend the first 90 days of the sentence in the House of Correction under the work-release program.

[14]*State v. Harris,* 119 Wis. 2d 612, 622, 350 N.W.2d 633, 638 (1984).

[15]*Id.*

[16]*Elias v. State,* 93 Wis. 2d 278, 281–82, 286 N.W.2d 559, 560 (1980).

will not substitute its preference for a particular sentence merely because we would have meted out a different sentence if we had been in the sentencing court's position.[17]

*McCleary v. State*[18] sets forth the three primary factors which the trial court should consider in imposing the sentence: gravity of the offense, character of the offender and need for public protection. Since *McCleary*, additional and related factors which the courts can consider in sentencing have been delineated. They are:

> (1) Past record of criminal offenses; (2) history of undesirable behavior pattern; (3) the defendant's personality, character and social traits; (4) result of presentence investigation; (5) vicious or aggravated nature of the crime; (6) degree of the defendant's culpability; (7) defendant's demeanor at trial; (8) defendant's age, educational background and employment record; (9) defendant's remorse, repentance and cooperativeness; (10) defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention.[19]

We conclude that the factors considered by the trial court prior to the imposition of sentence were proper. In sentencing Roubik, the court took into consideration the gravity of the offense involved and

[17]*Cunningham v. State,* 76 Wis. 2d 277, 281, 251 N.W.2d 65, 67 (1977) (footnote omitted).

[18]49 Wis. 2d 263, 274, 182 N.W.2d 512, 518 (1971) (citation omitted).

[19]*Harris, supra* note 14, 119 Wis. 2d at 623–24, 350 N.W.2d at 639 (citation omitted).

Roubik's involvement in the crime. In addition, the court considered Roubik's individual characteristics and the individual facts of the case before imposing its sentence.

██

The court noted that based on the evidence presented at trial, Roubik's actions during the sale of the cocaine demonstrated that she was experienced in dealing cocaine, and she knew what was going on and was involved in the cocaine sale to the undercover police officer. Based on these observations, the court sentenced Roubik to spend time in the House of Correction as a condition of probation to act as a deterrent to Roubik and to demonstrate that "if you go out and deal, or if you are with somebody who is dealing, [and] you get caught, you may go to jail." Based on the above, we reject Roubik's argument that the trial court applied a rigid, mechanistic approach to her sentencing, and conclude that the record demonstrates that the court exercised discretion in imposing its sentence.

*By the Court.*—Judgment and order affirmed.