State of Wisconsin, Plaintiff-Respondent,
v.
Lindsey A. Fritz, Defendant-Appellant.
No. 04-1808-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 12, 2005.
¶1 ANDERSON, P.J.[1]
Lindsey A. Fritz criticizes the circuit court's exercise of sentencing discretion. She contends that the circuit court erroneously exercised its discretion when it imposed a term of thirty days in the county jail as a condition of probation. She also asserts that the circuit court erred when it denied her postconviction motion seeking either resentencing or a sentence modification. When we review the proceedings below, following the guidelines established in McCleary v. State, 49 Wis. 2d 263, 182 N.W.2d 512 (1971), we cannot agree and affirm.[2]
¶2 Fritz was charged with one count of obstructing an officer in violation of WIS. STAT . §§ 946.41(1) and 939.51(3)(a) for making a false allegation of being a victim of a sexual assault. She was just shy of her seventeenth birthday when she accused an acquaintance of attempting to have sexual contact with her. The investigating officer discovered significant holes in her story after interviewing the alleged perpetrator and others; when he confronted Fritz, she readily admitted "she had lied about the whole incident ... [and] the reason she made up the story was she was afraid she was going to lose her current boyfriend."
¶3 When she made her initial appearance in court, Fritz waived her right to counsel, completed a "Plea Questionnaire/Waiver of Rights" form, and entered a guilty plea to the charge. The State recommended a five-day jail sentence, reasoning that the false allegation exposed the alleged perpetrator to significant penalties and wasted the time of an investigator. Fritz explained her actions to the court:
Yeah. [The individual] had called that night. I don't exactly remember the day it was but he had actually called and he was saying that I did things with him and my dad overheard it and my whole family actually overheard it because he was sreaming [sic] it into the cell phone and that's another reason why I said that and I'm on medication for depression so that's another thing. My depression had kicked in totally that night because of him harassing me saying that I had sex with him and stuff like that.
¶4 The circuit court began by considering the three principal factors that are taken into account when imposing a sentence.
As to the severity of the offense, to this Court this is a more significant obstructing charge. It's one in which an individual was accused of committing a very serious offense with absolutely no justification.
With regard to looking at this Defendant's rehabilitative needs, her statements in court here today indicate to this Court that still there is no true acceptance of responsibility for what she did here and it's apparent there may be some other rehabilitative needs that need to be met as well.
Protection of the publicone could look at that a few different ways. Is there protection of the public with regard to violent behavior? No. Protection with regard to getting across to this Defendant that falsely accusing others cannot be tolerated. I think that's an issue.
The circuit court concluded that both jail time and supervision would be appropriate under the circumstances. It withheld sentence and placed Fritz on probation for eighteen months and imposed thirty days in jail as a condition of probation.
¶5 With the assistance of postconviction counsel, Fritz filed a motion for sentence modification or resentencing. Fritz sought to have the circuit court remove the jail sentence. She represented to the circuit court that her probation agent believed that confinement was not necessary, that she was benefiting from probation, that she had completed anger management training and was about to pay the balance of imposed probation fees. The State took no position at the postconviction hearing.
¶6 The circuit court denied Fritz's motion, concluding that the jail time was the minimal period needed to address the severity of the offense. The circuit court explained:
Well, this was a case that although brief was troubling. The Court recalls it well. This is one in which an individual made very serious accusations against someone and that, certainly, gave this Court concern with regard to the severity of the offense. It's the type of matter in which someone could have a significant impact on another individual.
Now, there's different ways of looking at the fact that the investigation and the lies did not go on for weeks or months or where there had been charges filed. At the same token, the Defendant did not really accept the factor admit that she had lied about the whole thing until confronted by the officers with the alibi witnesses and basically the fact that her story would not hold up.
This Court believed it wasn't just an issue of what would address this Defendant's rehabilitative needs. It was also looking at the issue of deterrence and addressing the severity of the offense and it's good to know that Ms. Fritz is doing well on probation now, but that really isn't a new factor for purposes of modification and that's not necessarily the frame or procedural posture we're in here today.
But nevertheless, the Courtjust because she's doing well now, that addresses more her rehabilitative needs. That's just one aspect of sentencing he re. To this Court, 30 days was pretty fair under all the circumstances given, again, a false rape charge against another individual is something that is extremely serious.
The Court does not believe it abused its discretion, does not believe that that penalty did not appropriately fit the crime or whether the Defendant did or didn't have counsel at that hearing. Again, all of her rights were explained to her.
Whether she had an attorney or not, really wouldn't change how this Court views this offense and views the Defendant's attitude at the time of sentencing as well; which, again, wasn't the big part here. That was just one of those factors where she really wasn't accepting responsibility. She may be accepting it more now, but that still does not address the severity of this offense and the fact that she made a false rape accusation.
¶7 On appeal, Fritz maintains the court's decision to impose a term of probation and a thirty-day jail term was not logical. She argues that the jail term is not necessary because she "was subjected to the humiliation of arrest as well as supervision for eighteen months"; she fully admitted the untruthfulness of her allegations, although she acknowledges she couched the admission in terms of her depression and anger; and she argues that there is nothing in the record that supports a conclusion that a message needed to be sent to the public to stop false rape reports.
¶8 Fritz does not seek a modification of her sentence on the basis of a "new factor"; rather, she argues that the circuit court erroneously exercised its sentencing discretion in imposing an excessive thirty-day term in jail as a condition of probation. She insists that the jail term is unduly harsh in light of the record in this case.
¶9 Sentencing is committed to the discretion of the circuit court and our review is limited to determining whether the circuit court erroneously exercised its discretion. McCleary, 49 Wis. 2d at 278. A strong public policy exists against interfering with the circuit court's discretion in determining sentences and the circuit court is presumed to have acted reasonably. State v. Wickstrom, 118 Wis. 2d 339, 354, 348 N.W.2d 183 (Ct. App. 1984). A defendant claiming that his or her sentence was unwarranted must "show some unreasonable or unjustified basis in the record for the sentence imposed." State v. Borrell, 167 Wis. 2d 749, 782, 482 N.W.2d 883 (1992). A sentence will be deemed harsh and excessive only when the sentence is so excessive, unusual, and disproportionate to the offense committed "as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." Ocanas v. State, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). We will not reverse a particular sentence merely because we would have meted out a different sentence. State v. Roubik, 137 Wis. 2d 301, 310-311, 404 N.W.2d 105 (Ct. App. 1987).
¶10 The "sentence imposed in each case should call for the minimum amount of custody or confinement [that] is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." McCleary, 49 Wis. 2d at 276 (citation omitted). To properly exercise its discretion, a sentencing court must provide a rational and explainable basis for the sentence. Id. It must specify the objectives of the sentence on the record, which include, but are not limited to, the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence of others. See WIS JI CRIMINAL SM-34 at 8-9 (1999). It must identify the general objectives of greatest importance, which may vary from case to case. Id.
¶11 In addition to the three primary sentencing factors, other relevant factors that the circuit court may consider include: (1) the defendant's past record of criminal offenses; (2) any history of undesirable behavior patterns; (3) the defendant's personality, character, and social traits; (4) the presentence investigation; (5) the nature of the crime; (6) the degree of the defendant's culpability; (7) the defendant's demeanor at trial; (8) the defendant's age, educational background, and employment record; (9) the defendant's remorse and cooperativeness; (10) the defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention. Harris v. State, 75 Wis. 2d 513, 519-20, 250 N.W.2d 7 (1977).
¶12 The circuit court need discuss only the relevant factors in each case. State v. Echols, 175 Wis. 2d 653, 683, 499 N.W.2d 631 (1993). The weight given to each of the relevant factors is within the court's discretion. State v. J.E.B., 161 Wis. 2d 655, 662, 469 N.W.2d 192 (Ct. App. 1991).
¶13 In sentencing Fritz, the circuit court gave the most weight to the severity of the offense. It commented that an allegation of sexual assault could have serious consequences for a person accused of t hat crime. We cannot fault the circuit court for this conclusion, a charge of sexual assault by use or threat of force, WIS. STAT. § 940.225(2)(a), as reported by Fritz, is a Class C felony carrying a potential penalty of up to forty years' imprisonment. WIS. STAT. § 939.50(3)(c). In addition, there are collateral consequences that could include being required to give a DNA sample; commitment as a sexually violent person; and, registration as a sex offender. While the investigating officer quickly disproved Fritz's allegations, the anxiety and humiliation the victim of Fritz's lies endured cannot be minimized.
¶14 The circuit court also gave weight to the rehabilitative needs of Fritz. It is obvious that the circuit court was struck by Fritz's lack of remorse. At sentencing the circuit court observed, "there is no true acceptance of responsibility for what she did here." And at the postconviction motion, the circuit court revisited Fritz's failure to immediately accept responsibility for making false allegations. We must give a strong presumption of reasonability to this assessment because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant. Borrell, 167 Wis. 2d at 781-82.
¶15 We conclude that ample reasons were given by the circuit court for Fritz's sentence. While the circuit court's sentence is severe, Fritz's conduct called for a severe sentence. Thus, the circuit court properly exercised its discretion. In light of the above-mentioned factors, the circuit court's sentence was not excessive, harsh, or disproportionate to the offenses. As a result, the circuit court is affirmed.
By the Court.  Judgment and order affirmed.
NOTES
[1] This is a one-judge appeal pursuant to WIS. STAT. § 752.31(2)(f) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The guidelines in McCleary v. State, 49 Wis. 2d 263, 182 N.W.2d 512 (1971), were recently reinvigorated in State v. Gallion, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197. However, Gallion was decided after Fritz was sentenced and does not apply. Gallion in haec verba applies only to "future cases." See id., ¶76. Nevertheless, Fritz's sentencing passes muster under Gallion's gloss on McCleary and its progeny as well. See State v. Stenzel, 2004 WI App 181, ¶9, ___ Wis. 2d ____, 688 N.W.2d 20 ("While Gallion revitalizes sentencing jurisprudence, it does not make any momentous changes.").