STATE of Wisconsin, Plaintiff-Appellant,†

v.

Miguel E. MARINEZ, Jr., Defendant-Respondent.

Court of Appeals

*No. 2007AP964–CR. Submitted on briefs January 14, 2008.
—Decided June 26, 2008.*

2008 WI App 105

(Also reported in 756 N.W.2d 570.)

————

† Petition to review denied.

————

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey J. Kassel*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Eileen A. Hirsch*, assistant state public defender of Madison.

Before Dykman, Lundsten and Bridge, JJ.

¶ 1. LUNDSTEN, J. At issue here is whether a trial judge is prohibited from informing a defendant that the judge intends to exceed a sentencing recommendation in a plea agreement and offering the opportunity of plea withdrawal. In *State v. Williams*, 2000 WI 78, 236 Wis. 2d 293, 613 N.W.2d 132, the supreme court declined to adopt a new rule mandating that judges follow this practice. Here, the State argues that the reasoning employed in *Williams* dictates that a judge may not tell a defendant that the judge intends to exceed a sentencing recommendation. We disagree, and conclude that trial judges may employ this practice. Accordingly, we affirm.[1]

### Background

¶ 2. The State charged Marinez with misdemeanor disorderly conduct involving domestic abuse.

---

[1] This appeal was originally a one-judge appeal. It was converted to a three-judge panel by order on June 15, 2007. *See* Wis. Stat. Rule 809.41(3) (2005–06).

Marinez grabbed his wife, pushed her out of their apartment, and locked her out.

¶ 3. The parties reached a plea agreement in which Marinez would enter a guilty plea in exchange for a joint sentencing recommendation of a $100 fine. The trial judge accepted Marinez's plea and proceeded to sentencing. The judge asked about Marinez's record and was informed that Marinez had a criminal history, including a battery, and that he was currently facing felony charges involving the physical abuse of a child.

¶ 4. The judge informed Marinez that she intended to exceed the plea agreement recommendation and "do something substantially different." The judge offered Marinez the opportunity to withdraw his plea. The prosecutor objected, arguing that the judge was not permitted to give Marinez the option of withdrawing his plea. The trial judge overruled the objection, explaining her decision as follows:

> Particularly in a case where settlement negotiations were based on incomplete or faulty information and the defendant relied on sentencing recommendation promises, the Court deems it fair to allow plea withdrawal. It is true that Mr. Marinez knew the Court could impose the maximum penalty. It is also true that a sentencing court is not required to allow a defendant to withdraw a plea under these circumstances. Nothing, however, prohibits this use of discretion where, as here, the Court finds a fair and just reason to allow withdrawal and the State has not demonstrated substantial prejudice.

(Citations omitted.) Marinez opted to withdraw his plea, and the State petitioned for leave to appeal the court's nonfinal order allowing plea withdrawal. We

granted leave to appeal, and then certified the issue to the supreme court. The supreme court refused our certification.

### *Discussion*

██

¶ 5. As noted, the State relies on *Williams*, and that is where we begin. In *Williams*, the parties reached a plea agreement that included a sentencing recommendation. *Williams*, 236 Wis. 2d 293, ¶ 4. The trial judge accepted Williams' guilty plea and then substantially exceeded the recommendation. *Id.*, ¶¶ 4, 8, 9. Williams sought to withdraw his plea, but the judge denied the request. *Id.*, ¶¶ 10–11.

¶ 6. Williams appealed. He eventually asked the supreme court to "adopt a new rule of procedure, which would *require* that if a trial judge anticipates exceeding the state's sentence recommendation under a plea agreement, the trial judge *must* inform the defendant of that fact and allow the defendant to withdraw his or her plea." *Id.*, ¶ 1 (emphasis added); *see also id.*, ¶ 15. The *Williams* court declined to adopt this "new rule" for two reasons. *Id.*, ¶¶ 19–21.

¶ 7. First, the court deemed the rule unnecessary because existing plea procedures require that, as part of a voluntary plea, a defendant must be informed and understand that the State's sentencing recommendation does not bind the court. *See id.*, ¶¶ 20–25.

██

¶ 8. Second, the court viewed the rule as improperly injecting trial judges into the plea bargaining process. *See id.*, ¶¶ 20–21, 26, 31. The court said that "*[r]equiring* a trial judge to approve or disapprove of a particular sentence recommendation prior to sentenc-

ing would in effect cause the trial court to participate in plea bargaining and therefore would undermine the voluntariness of the plea." *Id.*, ¶ 26 (emphasis added).[2]

¶ 9. The State argues in this case that it necessarily follows from the second reason in *Williams* that a trial judge is prohibited from informing a defendant that the judge intends to exceed the sentencing recommendation and allowing the defendant to withdraw a plea. We disagree.

¶ 10. Although the *Williams* court's second reason for its decision might be understood as casting doubt on the propriety of this practice, we do not read *Williams* so broadly. In that case, the supreme court focused its attention on whether it should *require* all trial judges to employ this practice. The court repeatedly spoke in terms of whether it should adopt a "new

---

[2] We have difficulty reconciling this second reason with case law suggesting that, after a plea agreement has been reached, but before the plea is entered, a judge may inform the parties whether the judge will " 'concur in the proposed disposition,' " *see State v. Wolfe*, 46 Wis. 2d 478, 488–89, 175 N.W.2d 216 (1970) (quoting *ABA Standards for Criminal Justice—Pleas of Guilty*, § 3.3 (Approved Draft, 1968)), or, in the case of an agreement seeking dismissal of charges, a judge may reject an agreement, *see State v. Comstock*, 168 Wis. 2d 915, 927–29, 485 N.W.2d 354 (1992); *Salters v. State*, 52 Wis. 2d 708, 715, 191 N.W.2d 19 (1971); *State v. Roubik*, 137 Wis. 2d 301, 305–08, 404 N.W.2d 105 (Ct. App. 1987). It is not apparent why the rule proposed in *Williams* constitutes participation in plea negotiations any more than in those scenarios. In all these situations, the effect of the judge's action is to communicate the judge's view of an aspect of a plea agreement and effectively send parties back to the bargaining table. Thus, it appears to us that the issue is the same pre-plea and post-plea, and whatever is permissible or required in the post-plea context should seemingly apply in the pre-plea context.

rule" of procedure under which a trial judge would be "requir[ed]" to or "must" inform a defendant of the judge's intent to exceed the sentencing recommendation and allow the defendant to withdraw his or her plea. *Id.*, ¶¶ 1–2, 15, 26, 31; *see also State v. Hampton*, 2004 WI 107, ¶ 37, 274 Wis. 2d 379, 683 N.W.2d 14 ("In *Williams*, this court was asked to adopt a *new rule* of procedure *requiring* a trial judge who anticipated exceeding the state's sentencing recommendation under a plea agreement, to inform the defendant of the judge's anticipated action and to allow the defendant to withdraw his plea." (emphasis added)).

¶ 11. Notably, the *Williams* court was aware that some trial judges engage in this practice. *See Williams*, 236 Wis. 2d 293, ¶ 35 (Abrahamson, C.J., concurring). Yet, as the State concedes, "the supreme court in *Williams* did not expressly prohibit circuit courts from employing the procedure that it declined to mandate." Perhaps the court, without saying so, concluded that there is a significant difference between permitting and requiring on a topic that trial judges are well positioned to address without rigid mandates.

¶ 12. Accordingly, we do not read *Williams* as addressing whether the practice is prohibited. Rather, the better reading of *Williams* is that the court reserved that question. We therefore decline the State's invitation to upset the status quo by reading *Williams* to prohibit the practice.

¶ 13. The State argues in the alternative that the circuit court erroneously exercised its discretion in permitting plea withdrawal. The State reasons that the trial judge based her decision on two erroneous factual findings: (1) that Marinez "relied on sentencing recommendation promises," and (2) that "settlement negotiations were based on incomplete or faulty informa-

495

tion." We view this argument as an end-run on the central issue in this case, namely, whether the reasoning of *Williams* should be read as prohibiting a judge from informing a defendant of the judge's intent to exceed a sentencing recommendation and allowing such defendant the opportunity of plea withdrawal. If this practice is permissible, it need not be premised in this case on a finding that Marinez relied on the sentencing recommendation when entering his plea or that settlement negotiations were based on incomplete or inaccurate information.

### *Conclusion*

¶ 14. Accordingly, we conclude that the trial judge properly informed Marinez of her intent to exceed the plea agreement and that she properly permitted him to withdraw his plea.

*By the Court.*—Order affirmed.