**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 18, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP1945-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2013CF78

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

BRADLEY J. YOUNG,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Green Lake County:  MARK T. SLATE, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Bradley Young appeals from a judgment convicting him of seven counts of burglary on his guilty plea in a multi-county crime spree of sixty-four burglaries (fifty-seven burglaries were dismissed and read in). He seeks resentencing because the circuit court was biased. The record does not support Young's claims. We affirm.

Alleged bias due to prior attorney-client relationship with a victim

¶2     We first address the bias claim arising from the presence among the victims of a former client of the circuit court judge. During the proceedings, the court did not disclose to the parties that one of his former clients, Ted's Piggly Wiggly (owned by T.R.), was a victim in one of the counts to which Young pled guilty.[1]

¶3     Postconviction, Young argued that the court's former attorney-client relationship with a victim was a basis for recusal and created the appearance of bias.[2] Young argued that the court should have disclosed the relationship and by not doing so, the court deprived him of his right to make an informed decision about whether to seek judicial substitution.

¶4     At a hearing on the postconviction motion, the circuit court rejected the bias claim and made the following findings. The court acknowledged that it should have disclosed the former attorney-client relationship, but stated that the relationship with T.R. was superficial. The court represented the client in four

---

[1] Ted's Piggly Wiggly's request for restitution was granted. Young does not dispute the restitution award.

[2] Young does not allege actual bias.

small claims cases over twelve years, all of the cases ended in default judgment, and the last case was resolved four years before Young's sentencing. The court did not recall the representation until Young raised the issue in his postconviction motion.

¶5     Judicial bias can be either subjective or objective. *State v. Gudgeon*, 2006 WI App 143, ¶20, 295 Wis. 2d 189, 720 N.W.2d 114.

> The test for bias comprises two inquiries, one subjective and one objective. Either sort of bias can violate a defendant's due process right to an impartial judge. Judges must disqualify themselves based on subjective bias whenever they have any personal doubts as to whether they can avoid partiality to one side.…
>
> The second component, the objective test, asks whether a reasonable person could question the judge's impartiality.

*Id.*, ¶¶20-21 (citations omitted). The objective test includes the appearance of bias. *Id.*, ¶26. A judge is presumed to act fairly, impartially, and without prejudice. *Id.*, ¶20.

¶6     We conclude that Young failed to rebut the presumption of impartiality. *See id.* The court stated that he did not recognize that a former client was among the victims in Young's case until after Young sought postconviction relief. The court explained that the attorney-client relationship was superficial and ended several years before Young was sentenced. No reasonable person could question the court's impartiality under the facts of this case.

¶7     The criteria for WIS. STAT. § 757.19 (2017-18)[3] disqualification are also not met on this record. Considering only the relevant subsections of the

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

statute, the judge did not have "a significant financial or personal interest in the outcome of" Young's case, § 757.19(2)(f), the judge's former client was not a "party" represented by the judge in the same case, § 757.19(2)(c), and the judge did not determine that he could not act in an impartial manner, § 757.19(2)(g).

¶8    We also consider whether the criteria for a SCR 60.04(4) recusal were met. *See State v. Pinno*, 2014 WI 74, ¶94, 356 Wis. 2d 106, 850 N.W.2d 207 (Wisconsin Supreme Court Rules may be considered in the context of a bias claim). Given that the court was not aware that a former client was one of the victims until after sentencing, there is no indication that the judge had "a personal bias or prejudice concerning a party." SCR 60.04(4)(a). The judge was not a material witness in the case and did not have an economic interest in the subject matter or a party. SCR 60.04(4)(c) and (d). No other aspects of SCR 60.04 appear to apply.

¶9    The record does not support Young's claim of subjective or objective bias.[4]

### Alleged bias at sentencing

¶10    Relying upon the circuit court's remarks at the plea hearing and at sentencing,[5] Young argues that the court prejudged his sentence and exhibited bias.

---

[4] For this reason, we are not persuaded that the circuit court deprived Young of his right to substitution. Because there was no bias, Young was in the same position on the substitution question as any other defendant appearing before an impartial judge.

[5] Young also relies upon grounds for bias we have already rejected or reject elsewhere in this opinion: bias arising from one of the victims being a former client of the judge and the judge's previous employment as a police officer.

¶11    The plea agreement required Young to plead guilty to seven counts of burglary with fifty-seven other burglary counts dismissed and read in. The State agreed to cap its sentence recommendation at ten years of initial confinement. The circuit court reacted to the sentence recommendation as follows:

> To be very honest with you, Mr. Young, the state is capping its argument at ten years of initial confinement. I have not heard the arguments of the parties, but at first blush, that does not sound like something that the Court [is] likely to follow. I need you to be aware of that before you enter a plea here today. Like I said, I have not had the benefit of having a presentence investigation. I understand that you are going to be having your own, nor has the Court had the luxury of having the time to review that, so I leave that open, but I do have to advise you, prior to getting into … this, that my initial reaction is that not only is the Court not bound by any agreement that either party has reached. I am not likely, at this point, to follow that agreement.

¶12    After the circuit court informed Young during the plea colloquy that it was not bound by the sentence recommendation and could impose up to the maximum penalty on each count, the court remarked:

> I am going to make it very plain. I have not heard arguments of counsel. I have not read the presentence investigation. I will certainly keep an open mind on this, but the fact that there are 59 burglaries with potential read ins, the State capping their argument at ten years, do you understand that at first blush that seems like a low number to the Court?

¶13    The circuit court's remarks at the plea hearing do not constitute prejudging the sentence, i.e., a statement of what would happen at sentencing or an indication that the court intended to forego scrutinizing Young's individual circumstances. *See State v. Goodson*, 2009 WI App 107, ¶17, 320 Wis. 2d 166, 771 N.W.2d 385. Rather, the court was sharing its initial impression that the sentence recommendation seemed too low for the volume and nature of the crimes

to be considered at sentencing. A court may inform a defendant that it might not follow the sentence recommendation. *State v. Marinez*, 2008 WI App 105, ¶¶9-12, 313 Wis. 2d 490, 756 N.W.2d 570. The court also stated that it would keep an open mind. The court's remarks gave Young an opportunity to change his mind about entering a plea. In light of the foregoing, we reject Young's claim that the court prejudged his sentence.

¶14     We turn to Young's claim of circuit court bias at sentencing. During its sentencing remarks, the court stated its disagreement with the presentence investigation report's recommendation of concurrent sentences of three to four years of initial confinement. The court then considered the following. The crimes were serious felonies with significant victim impact. Young committed the crimes while employed as a law enforcement officer and used his training and experience to facilitate his crime spree, all while violating a public trust. The public required protection because it is likely that had he not been apprehended, Young would have continued to commit burglaries. The court also considered Young's character and factors that may have led him to commit the crimes, the number of crimes he committed over a lengthy period of time, the need to generally deter law enforcement officers and other persons who hold positions of public trust from committing crimes, and the need to hold such persons accountable if they violate a public trust. The court imposed a total sentence of thirty years for five of the offenses (fifteen years initial confinement and fifteen years extended supervision) and probation for two of the offenses.

¶15     The record does not support a claim of bias at sentencing. First, in sentencing Young, the circuit court engaged in a proper exercise of sentencing discretion after considering various sentencing factors. *State v. Gallion*, 2004 WI 42, ¶76, 270 Wis. 2d 535, 678 N.W.2d 197 (we review the sentence for a misuse

of discretion); ***State v. Ziegler***, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76 (sentencing factors discussed). The weight of the sentencing factors was within the court's discretion. ***State v. Stenzel***, 2004 WI App 181, ¶16, 276 Wis. 2d 224, 688 N.W.2d 20. Second, the record confirms that the court scrutinized Young's individual circumstances and did not make up its mind before the sentencing hearing. *See* ***Goodson***, 320 Wis. 2d 166, ¶17. We reject Young's claim that the court either prejudged the sentence or exhibited bias at sentencing.

### Alleged bias due to judge's former employment as a police officer

¶16 Young committed his crimes while employed as a law enforcement officer. Young argues that because the judge was a former police officer, he was biased during Young's proceedings. At sentencing, the circuit court considered Young's status and found that Young violated a public trust. The court properly considered Young's crimes in the context of his status as a law enforcement officer. ***Ziegler***, 289 Wis. 2d 594, ¶23 (circuit court may consider a defendant's character and employment history at sentencing). We see no evidence of bias arising from the judge's former profession.[6]

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

---

[6] While we have considered all of the arguments in the briefs, we only discuss those arguments that are necessary to our decision. *See* ***State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) (we are not bound to the manner in which the parties have structured or framed the issues). Arguments not mentioned are deemed rejected. ***Id.***